IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MCDONALD, #304010           *
      Plaintiff,
      v.                                *  CIVIL ACTION NO. PJM-05-3269

WARDEN JOHN P. GALLEY, et al.    *
      Defendants.
                                  ***

**MEMORANDUM OPINION**

On December 5, 2005, the Clerk received for filing this 42 U.S.C. § 1983 complaint filed by Western Correctional Institution ("WCI") inmate Paul McDonald, who alleges that on November 21, 2005, his belongings, including legal books and documents, were packed and he was moved to the prison hospital. He alleges that as of December 2, 2005, he is still being denied his personal belongings, including the aforementioned legal material needed to continue his federal court cases.[1] He seeks "immediate immunity and release....from the cruelty of the Department of Corrections." Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. His complaint shall, however, be dismissed without prejudice.

Plaintiff states that "he is never required to exhaust administrative remedies when to do so would be obviously futile." Opinions issued by the federal courts take a different view. Under 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to claims of prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available

---

[1] Plaintiff also complains that Correctional Officers Barnes and Bowman displayed disrespectful behavior and prison staff violated his right to be free from abuse and interfered with his access to the courts.

administrative remedies.  *See also Porter v.* Nussle, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 735 (2001);*Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The § 1997e(a) exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *See Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request under the administrative remedy procedure ("ARP") with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, a prisoner has ten calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office.  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code, Title 12 § 07.01.03.

Plaintiff indicates that he has not attempted to exhaust his administrative remedies because to do so would be futile.  The Court has examined Plaintiff's statement of claims.  It observes that his alleged problems with the retention of his legal materials are ongoing in nature. Consequently,

the undersigned judge concludes that it would be in the interests of justice and in the speedy resolution of this action for Plaintiff to seek prompt correction of the aforementioned problems by fully exhausting his administrative procedures. The delay involved will not unduly burden or prejudice Plaintiff's rights. Upon submission of evidence that administrative remedies have been exhausted, Plaintiff may re-file this cause of action for the Court's consideration.

Accordingly, a separate Order shall be entered dismissing his cause of action without prejudice to allow Plaintiff to exhaust administrative remedies properly pursuant to 42 U.S.C. § 1997e.

Date:     12/22/05                              /s/
                                        PETER J. MESSITTE
                                     UNITED STATES DISTRICT JUDGE